IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAULA M. KELLEY and
PATRICIA A. MERSMAN, Special Administrator
of the Estate of Carrie Randolph, Deceased,

    Plaintiffs,

v.

RHONDA RINCK and
OZBURN HESSEY LOGISTICS, LLC,

    Defendants.                    Case No. 08-cv-360-DRH

## ORDER

**HERNDON, Chief Judge:**

    In this order the Court raises *sua sponte* the issue of whether it has subject matter jurisdiction over this case. **See *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit.")**. Plaintiff has filed a Complaint (Doc. 2) in federal court on the basis of diversity jurisdiction, pursuant to **28 U.S.C. § 1332**. Upon a threshold review, the Court observes what may be a potential jurisdictional problem.

    "Without jurisdiction the court cannot proceed at all in any cause.

Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514 19 L. Ed. 264 (1868); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. ***See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**. Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)**.

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. Under **28 U.S.C. § 1332(c)**, for the purpose of federal diversity jurisdiction, a corporation is deemed a citizen of both the state in which it is incorporated and the state where its principal place of business is located. ***Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 529 (7th**

Cir.1985)**.

"The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members." ***Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006) (collecting cases); *see also Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004) (citing *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003))**. As such, unincorporated business entities, such as limited partnerships ("LP") or limited liability companies ("LLC") "are [more appropriately] analogized to partnerships . . . ." ***Belleville Catering Co.*, 350 F.3d at 692 (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S. Ct. 1015 (1990))**. Thus, the Seventh Circuit deems an LLC a citizen "of every state of which any member is a citizen." ***Id.* (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir.1998))**.

In this suit, Plaintiff alleges that one of the two Defendants, Ozburn Hessey Logistics ("Ozburn"), is a Limited Liability Company ("LLC"). Plaintiff further alleges that Ozburn "is a Tennessee corporation with its principal place of business in Nashville, Tennessee" (Doc. 2, ¶ 2). Thus, the crucial error here is that Plaintiff has failed to properly plead the citizenship of all the members comprising Ozburn. Plaintiff's failure to properly plead the citizenship of the Defendant LLC in this matter places into question whether the citizenship between the parties is completely

diverse. Until this has been properly plead, the Court must approach this case as if jurisdiction does not exist. Along these lines, consequently, the Court does not have the authority to "consider the merits of a case over which it is without jurisdiction." *Firestone Tire & Rubber Co. v. Risjord*, **449 U.S. 368, 379 (1981)**.

While the Court does not affirmatively find that diversity jurisdiction between the parties does *not* exist, currently, it is in question and thus, not properly established. Accordingly, Plaintiffs are hereby granted leave to file an Amended Complaint to include the proper jurisdictional allegations, as explained in this Order. Plaintiffs shall file said Amended Complaint by **Friday, November 5, 2008**. Should Plaintiffs fail to timely file their Amended Complaint or seek an extension of time, the Court will then instruct the Clerk to close the case file. Further, should the parties need additional time to respond to other pending motions in this matter because of this Order, they should file the appropriate motion seeking an extension of time with the Court. Lastly, defendant Ozburn should be reminded of its responsibility to comply with **FEDERAL RULE OF CIVIL PROCEDURE 7.1**.

**IT IS SO ORDERED.**

Signed this 14th day of October, 2008.

/s/     *David R Herndon*
**Chief Judge**
**United States District Court**